**RESOLUTION TRUST CORPORATION,**
**Petitioner,**

v.

**Joseph A. FRATES, Respondent.**

**Misc. A. No. 92–499.**

United States District Court,
District of Columbia.

Aug. 8, 1994.

Suzanne Rigby, Counsel, RTC, and Paul M. Laurenza, John H. Korns, and James E. Topinka, Pettit & Martin, Washington, DC, for petitioner.

Stanley W. Legro, Washington, DC, for respondent.

*ORDER*

STANLEY S. HARRIS, District Judge.

This case is before the Court on remand following the decision by the District of Columbia Circuit in *RTC v. Walde,* 18 F.3d 943 (D.C.Cir.1994). Pursuant to the remand order, the RTC has renewed its petition for summary enforcement of an administrative subpoena duces tecum that it issued to respondent in connection with the RTC's investigation regarding State Federal Savings and Loan Association, Tulsa, Oklahoma. Upon careful consideration of the entire record, including the arguments of counsel at the hearing held on August 5, 1994, the Court grants the petition for summary enforcement.

The relevant subpoena was issued on November 24, 1992. The RTC seeks documents sufficient to indicate respondent's

a. income, assets and net worth for the years 1990–1991 (including financial statements, statements of net worth, complete tax

returns, bank statements, investment records, and/or trust documents);

b. interest in any real property or any personal property valued at more than $5,000;

c. existence and assets of any trust (in which respondent or his relatives have a beneficiary interest or otherwise receive distributions) having assets of more than $5,000;

d. interest in any corporation, partnership, joint venture, closely-held corporation or other entity that has assets of more than $5,000;

e. any transfer or other disposition, from Jan. 1, 1988, to the present of certain listed assets.[1]

The Court finds that each category of information sought is reasonably relevant to the issues of liability, the avoidance of asset transfers, or the attachment of assets. Because the Court finds that the subpoena requests information relevant to three of the four lawful purposes listed in its order of investigation, and thus is not sought solely for the purpose of assessing respondent's net worth, the Court need not determine whether the RTC has shown a reasonable suspicion of liability. *See Walde,* 18 F.3d at 948–49. The Court also rejects respondent's procedural objections to the subpoena. Accordingly, it hereby is

ORDERED, that the Amended Petition for Summary Enforcement is granted. It hereby further is

ORDERED, that Joseph A. Frates shall comply promptly with the administrative subpoena issued by the RTC on November 24, 1992, and served upon him in the RTC's investigation relating to State Federal.

SO ORDERED.

---

1. The subpoena asks for information regarding any transfer of assets from January 1, 1985, to the present. The RTC subsequently limited its request to transfers from 1988 to the present.